FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 JUN 12 PM 4:01



VICTORIA ELKINS,

    Plaintiff,

CASE NO.: 3:17-cv-668-J-34JBT

-VS-

RGS FINANCIAL, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, VICTORIA ELKINS, by and through the undersigned counsel, and sues Defendant, RGS FINANCIAL, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like RGS FINANCIAL, INC., N.A., from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their

1

political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8), and 15 U.S.C. § 1692(a)(3).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and 15 U.S.C. § 1692(a)(5).

13. Plaintiff is an "alleged debtor.

14. Defendant is a corporation with its principal place of business located at 1700 Jay Ell Dr., Suite 200, Richardson, TX, 75081, and which conducts business in the State of Florida through its registered agent, Cogency Global, Inc., 115 North Calhoun St, Suite 4, Tallahassee, FL 32301.

15. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

16. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

17. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (904) *** - 4659, and was the called party and recipient of Defendant's hereinafter described calls.

18. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (904) *** - 4659 in an attempt to collect an alleged debt.

19. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

20. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (855) 227-9292; and when that number is called, a pre-recorded message answers "RGS Financial, all calls may be recorded. This communication is from a debt collector. This is an attempt to collect a debt, any information obtained will be used for that purpose. Please hold for the next available team member." followed by a live agent answering the line stating, "thank you for calling RGS Financial."

22. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she answered a call from the Defendant, she would hear a pre-recorded message stating the call was from RGS Financial, and to please hold the line for the next available representative.

4

23. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

25. In or about August of 2016, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number, met with an automated message, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendant that the calls to her cellular phone were harassing, that she was disabled, and could not afford to make her payments, and demanded that they cease calling her aforementioned cellular telephone number.

26. During the aforementioned phone call with Defendant in or about August of 2016, Plaintiff unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice

27. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

28. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

29. Additionally, in or about January of 2017, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that she had previously

informed them not to call her cellular phone, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call her aforementioned cellular telephone number.

31. The Plaintiff's repeated requests for the harassment to end were ignored.

32. Defendant has placed approximately one-hundred fifty (150) calls to Plaintiff's aforementioned cellular telephone number. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from Defendant; thus, the exact number of calls will be established after a thorough review of Defendant's records.

33. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

34. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

35. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

36. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

37. Defendant's corporate policy is structured so as to continue to call individuals like, Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

38. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

39. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

40. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

41. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

42. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

43. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

44. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

45. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

46. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.

Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

48. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

49. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services

50. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, frustration and aggravation.

## COUNT I
### (Violation of the TCPA)

51. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

52. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

53. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, VICTORIA ELKINS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, RGS FINANCIAL, INC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

54. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein.

55. At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her family with such frequency as can reasonably be expected to harass the alleged debtor or her family.

57. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or her family.

58.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff, VICTORIA ELKINS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, RGS FINANCIAL, INC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

59.     Plaintiff fully incorporates and realleges paragraphs one (1) through fifty (50) as if fully set forth herein..

60.     At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

61.     Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62.     Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

63.     Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff, VICTORIA ELKINS, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, RGS FINANCIAL, INC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from

further violations of these parts and any other such relief the court may deem just and proper.

                          Respectfully submitted,

*/s/ Frank H. Kerney III*
FRANK H. KERNEY III, ESQUIRE
Florida Bar No. 88672
MORGAN & MORGAN, TAMPA, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: (813) 223-5505
Email: FKerney@ForThePeople.com
Secondary: JKneeland@ForThePeople.com
*Attorney for Plaintiff*